IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES PARRISH, Individually and as next-of-kin to the decedents Frances Flynn and the Deceased Unborn Child of James Parrish and Frances Flynn,<br><br>Plaintiff,<br><br>v.<br><br>THE METROPOLITAN GOVERNMENT OF NASJVILLE AND DAVIDSON COUNTY, TENNESSEE, et al.,<br><br>Defendants. | NO. 3:22-cv-00973<br><br>JUDGE CAMPBELL<br>MAGISTRATE JUDGE NEWBERN |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion to Remand. (Doc. No. 11). The motion is fully briefed. (Doc. Nos. 18, 19). Also pending before the Court is Defendant's Partial Motion to Dismiss. (Doc. No. 16). The Motion is also fully briefed. (Doc. Nos. 22, 25). For the reasons stated herein, the Motion to Remand (Doc. No. 11) will be **GRANTED**. The Motion to Dismiss will be **DENIED** in part and found **MOOT** in part.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On October 26, 2021, Frances Flynn experienced a severe mental health crisis resulting in Ms. Flynn attempting to shoot her husband James Parrish. During the resulting struggle, Ms. Flynn shot herself in the hand. Mr. Parrish ultimately gained control, restrained Ms. Flynn, and instructed neighbors to call the Metropolitan Nashville Police Department ("MNPD"). Upon their arrival, MNPD Officers separated Ms. Flynn from the others present and briefly questioned her about the circumstances surrounding the shooting. Officers did not restrain Ms. Flynn or secure the gun still

located in the house. At some point after the arrival of MNPD officers but before medical professionals began assessing her, Ms. Flynn ran back into the house, again retrieved the gun, and shot herself. She died at the scene. At the time, Ms. Flynn was eleven weeks pregnant with her and Mr. Parrish's child.

Mr. Parrish, acting as next of kin and representative of the estate of Ms. Flynn and their unborn child, brings this lawsuit against MNPD, Officer Billy Price, and Officer David Moser. Plaintiff brings claims for negligence against MNPD (Count 1) and Officer Price (Count 2), and a claim for declaratory judgment against all defendants (Count 3). Plaintiff pleads, in the alternative to Count 3, that MNPD violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and are liable for violation of these rights under 42 U.S.C. § 1983. Plaintiff asserts that his alternative pleading is dependent on a finding on the declaratory judgment claim that a Section 1983 claim and a negligence claim can coexist.

Plaintiff originally filed suit in the Circuit Court for Davidson County, Tennessee. Defendants timely removed the action to this Court on December 2, 2022. Plaintiff timely filed a motion to remand.

## II.  LAW AND ANALYSIS

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assocs. v. Rank Hotels (Mgmt.), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). As the removing party facing a motion to remand, Defendants bear the burden of establishing federal subject matter jurisdiction. *See Paul v. Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 520 (6th Cir. 2012). Defendants removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1331, citing Plaintiff's claim under the ADA. It is undisputed that the Court has jurisdiction over the ADA claim. Plaintiff moves to remand the state law claims to the Circuit

Court for Davidson County, Tennessee, asking the Court to decline to exercise supplemental jurisdiction over those claims.

28 U.S.C. § 1367 authorizes district courts to exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But supplemental jurisdiction is permissive, and courts may decline to exercise jurisdiction if:

> (1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Relevant here is the exceptional circumstances provision.

Plaintiff brings two claims pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. 29-20-101 et seq., ("The Act" or "TGTLA") (Counts 1 and 2), and one claim for declaratory judgment implicating the Act (Count 3). Plaintiff's federal question claim is pled in the alternative to Count 3.

The Act reserves exclusive original jurisdiction for the state circuit courts over TGTLA claims. T.C.A. 29-20-307. Courts in this district have regularly abided by the state's explicit exercise of jurisdiction in these cases. Indeed, the Sixth Circuit has "emphasized that 'in this instance, the Tennessee legislature expressed a clear preference that TGTLA claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction.'" *Devereux v. Knox Cnty., Tennessee*, 15 F.4th 388, 394 (6th Cir. 2021) (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433 (6th Cir. 2000)). The court in *Devereux* observed that this is not a categorical bar on the exercise of supplemental jurisdiction, but rather it is a compelling reason for the court to decline doing so. *Id*. The Court finds that to

decline supplemental jurisdiction is appropriate in this case. Accordingly, Plaintiff's Motion to Remand (Doc. No. 12) will be **GRANTED**.

## III. CONCLUSION

For the reasons stated herein, the Court will decline to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts 1-2) and the portion of Count 3 seeking declaratory judgment of Tennessee statutes. The Court will retain jurisdiction over the alternatively pleaded ADA claim. However, the case will be **STAYED** and administratively closed pending a ruling on Count 3. Plaintiff shall file a notice six months from the date of this order and every six months thereafter informing the Court of the status of the state court case.

Because the Court will grant the Motion to Remand and stay the case, Defendant's Motion to Dismiss Count 1 is **MOOT**; Defendant's Motion to Dismiss the ADA claim will be **DENIED** without prejudice to refiling when this case returns to the active docket in this Court. In so ruling, the Court finds that judicial economy is best served by not adjudicating a claim that is pleaded in the alternative and dependent on the resolution of the declaratory judgment sought by Plaintiff.

An appropriate order will enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE